Dear Representative Powell:
This office is in receipt of your opinion request regarding the School Employee Personnel Files Act (La. R.S. 17:1232-1238). We have also learned through the information provided by Charlotte Crawley that the Caddo Parish School Board maintains two separate files for a certain employee. One file contains documents concerning his employment in 1976-1978, while the other contains documents relating to his employment beginning in 2003. Apparently the 2003 file doesn't contain any of the documents from the 1976-1978 file except for a memorandum that refers to the previous file stating "you should also view a second file."
According to Charlotte Crawley, in October of 2004 the school board distributed copies of documents from the employee's 1976 file to members of the Caddo Parish School Board without presenting the employee with a copy of the documents, without obtaining his signature, and without notifying him that the documents would be distributed to the school board members. Additionally the employee has not seen, signed, or had the opportunity to present a rebuttal to these documents.
As a result, you have requested the following on behalf of Caddo Parish School Board member, Charlotte Crawley:
 1) Whether the Caddo Parish School Board violated the School Employee Personnel Files Act when the school system administration distributed copies of documents from the employee's personnel files to members of the Caddo Parish School Board without notice to the employee that his personnel file was accessed?
 2) Whether the Caddo Parish School Board violated the Employee Personnel Act by maintaining two files on the employee, and complying with the School Employee Personnel Files Act on only one file?
 3) If the school board did violate the Act:
 a) Is the employee entitled to have the documents expunged and removed from the file?
 b) If not, may the school board lawfully refuse his request to submit a rebuttal to be placed in his file?
 c) What remedy is the employee entitled to?
The first and second questions can be simplified into asking whether the employee, in this instance, was required to receive notice that his personnel files were accessed. La. R.S. 17:1234
entitled "Requisite signature of school employee on all documents placed in personnel file" provides:
 A. Each document concerning a school employee shall be placed in the employee's personnel file within a reasonable time and no document, except those resulting from routine recordkeeping, shall be placed in a school employee's personnel file by any school system employee, unless and until that school employee is presented with the original document and a copy thereof prior to its filing.
 B. Upon receipt of the original document and copy of the same, the school employee shall sign the original document as an acknowledgement of the receipt of the copy of the document. Such signature shall not be construed as an agreement to the contents of the document.
The statute clearly implies that the employee shall be given notice of each document placed in his file concerning the employee. This is evident through the mandatory language provided in the statute that the employee shall sign the original document, thus requiring the employee to receive notice of the document placed in his file. To not give such notice violates the purpose of the School Employee Personnel Files Act set out by the legislature in La. R.S. 17:1232 as follows:
 (1) To provide for the establishment of procedures for immediate notification to school employees of the filing of any document into their personnel file.
 (2) To assure that each school employee has an opportunity to rebut and respond to any document placed into that school employee's personnel file.
 (3) To provide the time frame within which to file such a response and/or rebuttal.
 (4) To assure that any document from a school employee's personnel file forwarded to another location shall be accompanied by the school employee's response and rebuttal to the document.
Next, this office has addressed the question of whether a school board member could access an employee's personnel file in La. Atty. Gen. Op. Nos. 99-382 and 00-64. It was this office's opinion that La. R.S. 17:1237 prohibits disclosure to third parties absent the express written consent of the school employee, except by court order or subpoena. The opinions further addressed La. R.S. 17:81, concerning the general powers of a city and parish school board. (A copy of La. Atty. Gen. Op. Nos. 99-382 and 00-64 has been attached for your reference.)
La. R.S. 17:81
 K. (1) Notwithstanding any other provision of law or rule or regulation to the contrary, any city or parish school board member and any other person authorized pursuant to written policy of a city or parish school board shall have the right to examine any or all records of the school system except school employee records relative to evaluations, observations, formal complaints, and grievances.
 (2) Notwithstanding any other provision of law or rule or regulation to the contrary, any city or parish school board, upon a majority vote of the authorized board membership, shall have the right to examine any or all records of the school system.
 (3) Should an employee's personnel file be accessed by the city or parish school board, the employee whose file was so accessed shall receive written notice of such action, and the individual city or parish school board members shall maintain the confidentiality of any documents in the file so examined.
Consequently, based upon the information given to us by Charlotte Crawley, the documents distributed to the school board fall within the exclusion in § 81(K)(1) because the document referring to the 1976-1978 file was a recommendation by the school principal to not retain the employee. This clearly appears to be an observation or evaluation of the employee, which would require written notice to the employee. However, § 81(K)(2), indicates that a school board by majority vote shall have the right to examine all records of the school system, but assuming the board acted under this authority, § 81(K)(3) still requires that the employee whose file was accessed receive notice.
In regard to your third question, we turn again to La. R.S.17:1234 and also to La. R.S. 17:1235. This office stated in La. Atty. Gen. Op. No. 01-0469, that documents found in a school employee's personnel file not signed by the employee in accordance with La. R.S. 17:1234 must be removed.
Furthermore, as stated in La. Atty. Gen. Op. No. 01-0469, "La. R.S. 17:1235 allows for a school employee to rebut and to respond to a document placed in his personnel file."
La. R.S. 17:1235
 A. Each school employee shall be given the opportunity to rebut and to respond to a document placed in his personnel file.
 B. The rebuttal and response must be in written form and once filed shall be attached to the document to which the response and rebuttal applies, and thus become a permanent part of the school employee's personnel file as long as the document remains a part of the personnel file.
 C. No document or copy thereof, to which a response and rebuttal has been filed, shall be used for any purpose whatsoever unless the rebuttal and response or copy thereof is attached to the document or copy sought to be used.
 D. A school employee shall have the right to receive proof of any allegations and statements contained in a document placed in his file that the school employee believes to be inaccurate, invalid, or misrepresented. If such proof is not presented, the document containing the allegations and statements shall be removed from the school employee's personnel file and destroyed.
Therefore, under the information provided to this office, the school board's actions appear to have violated School Employee Personnel Files Act, and as such, the employee is entitled to have the documents removed from his personnel file as set out in La. R.S. 17:1234.
We hope this sufficiently answers your inquiry, however should you have any other questions, please contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: ___________________________ CHARLES H. BRAUD, JR. Assistant Attorney General